Estate of David VIERA; Lydia Viera; Michelle Amaya; D. Viera, Jr., Denise Espadas, Guardian Ad Litem for D. Viera Jr.; Riena Viera; Jessica Viera, Plaintiffs—Appellants,

v.

CITY OF EL MONTE; Santos Hernandez, Defendants—Appellees,

and

Ralph Batres, Defendant.

No. 06–55793.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2008 *.

Filed Feb. 15, 2008.

Brian T. Dunn, Law Office Of Johnnie L. Cochran, Jr., Los Angeles, CA, for Plaintiffs–Appellants.

Peter J. Ferguson, Esq., Ferguson, Praet & Sherman, Santa Ana, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

**MEMORANDUM**\*\*

Plaintiffs complain that the district court refused to permit evidence that David Vi-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

era was unarmed when he was shot and killed by Lieutenant Hernandez. But this information has no bearing on whether the officer's conduct was objectively reasonable for purposes of 42 U.S.C. § 1983, because the jury's (and the officer's) post hoc knowledge that Viera was unarmed would not have changed what the officer knew when he decided to use deadly force. *See Jackson v. City of Bremerton,* 268 F.3d 646, 651 (9th Cir.2001). Even if the evidence would somehow have been relevant to plaintiffs' wrongful death claim, the district court did not abuse its discretion by excluding it under Fed.R.Evid. 403. The statements in defense counsel's closing argument suggesting that Viera was armed were cured by the district court's prompt instructions. *See Doe ex rel. Rudy–Glanzer v. Glanzer,* 232 F.3d 1258, 1270–71 (9th Cir.2000) (strong presumption that the district court's curative instructions cured any prejudicial effect).

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.